# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
               **Plaintiff,**            )
                                     )            **CRIMINAL ACTION**
**v.**                               )
                                     )            **No. 06-20025-01-KHV**
**THOMAS PETERSON,**                 )
                                     )
               **Defendant.**           )
_____ )

## MEMORANDUM AND ORDER

On November 26, 2007, the Court sentenced defendant to 112 months in prison.  Pursuant to a government motion under Rule 35, the Court later reduced defendant's sentence to 77 months.  This matter is before the Court on defendant's letter (Doc. #80) filed April 20, 2015, which the Court construes as pro se motion to reduce sentence under 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines.  For reasons stated below, the Court sustains defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c).  If eligible, the Court may reduce defendant's term of imprisonment, after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 826-27 (2010); United States v. Green, --- F. App'x ----, 2015 WL 5316506, at *3 (10th Cir. Sept. 14, 2015).

Amendment 782 took effect on November 1, 2014 and generally lowers by two levels the base offense levels in the Drug Quantity Table. On July 18, 2014, the United States Sentencing Commission voted to apply the amendment retroactively to those offenders currently in prison. See Amendment 788.

Defendant originally had a total offense level of 24 with a criminal history category of VI for a guideline range of 100 to 125 months.[1] The Court sentenced defendant to 112 months in prison. On government motion under Rule 35(b), Fed. R. Crim. P., the Court reduced defendant's sentence to 77 months.[2] Applying Amendment 782, defendant's total offense level is 23 with a criminal history category of VI for a guideline range of 92 to 115 months in prison.[3] Accordingly, defendant is eligible for relief under Amendment 782.

In determining whether a sentence reduction is warranted and the extent of any reduction, the Court considers the factors set forth in 18 U.S.C. § 3553(a). See U.S.S.G. § 1B1.10. In particular, among other factors, the Court must consider the nature, seriousness and circumstances of the offense,

---

[1]	The Presentence Investigation Report ("PSIR") calculated that defendant's total offense level was 25. At sentencing, the Court clarified that defendant's total offense level was 24.

Defendant pled guilty to possession and concealment of stolen firearms (Count 5) and possession with intent to distribute cocaine base (Count 6). Defendant's adjusted offense level on the firearms count was 26. Defendant's adjusted offense level on the cocaine base count was 18. Under the multiple count adjustment provision, U.S.S.G. § 3D1.4, defendant received a one level increase to the firearms count for a total adjusted offense level of 27, which was reduced to 24 for timely acceptance of responsibility.

[2]	The government asked the Court to reduce defendant's offense level to 21 and re-sentence defendant to the low end of the guideline range of 77 to 96 months.

[3]	Defendant only receives a one level reduction of his total offense level because he was convicted on multiple counts. Amendment 782 reduced the base offense level on the cocaine base charge from 18 to 16. Defendant originally received a one level increase under the multiple count adjustment in Section 3D1.4. Because the firearms charge is nine of more levels more serious than the cocaine base charge under Amendment 782, defendant does not receive any increase in his adjusted offense level under Section 3D1.4. Defendant's total offense level therefore is reduced one level.

defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety.  United States v. Meridyth, 573 F. App'x 791, 794 (10th Cir. 2014); United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012).  While not mandatory, the Court may also consider defendant's post-sentencing conduct.  Osborn, 679 F.3d at 1195; see Meridyth, 573 F. App'x at 794; U.S.S.G. § 1B1.10 cmt. n.1(B).

Defendant's amended guideline range is 92 to 115 months.  The Court has considered the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety.  After balancing these factors, the Court finds that a sentence of 70 months in prison is sufficient but not greater than necessary to meet all of the objectives of federal sentencing law.[4]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #80) filed April 20, 2015, which the Court construes as pro se motion to reduce sentence under 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines, be and hereby is **SUSTAINED**.  **The Court reduces defendant's term of imprisonment from 77 months to 70 months.  All other provisions of the amended judgment dated August 15, 2011 shall remain in effect.**

Dated this 8th day of December, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4]    The Guidelines authorize the Court to reduce defendant's term of imprisonment below the amended guideline range in an amount comparably less than the reduction for substantial assistance from the original range.  See U.S.S.G. § 1B1.10(b)(2)(B).  Based on the government's Rule 35(b) motion, the Court sentenced defendant to 77 months in prison, which reflected a reduction of three offense levels and a sentence at the low end of the range of 77 to 96 months (offense level 21, criminal history VI).  A sentence of 70 months reflects a comparable reduction of three levels and a sentence at the low end of the amended range of 70 to 87 months (offense level 20, criminal history VI).